UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUAAN D. SMITH, et al.,<br><br>    Defendants. | Case No. 23-cv-03090-JSC<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 17 |

This case arises out of litigation following Wells Fargo's foreclosure of Defendant Smith's home. During foreclosure proceedings Defendant Smith conveyed a four percent interest to her attorney, Defendant Robinson. Defendant Robinson removed this matter from Alameda County Superior Court. He seeks to vacate a tentative state court ruling denying his motion to vacate a stipulated judgment. Plaintiff Wells Fargo Bank filed a motion to remand based on lack of subject matter jurisdiction as well as other defects in removal. (Dkt. No. 17.)[1] Defendant Smith did not join in Defendant Robinson's notice of removal and has not expressly consented to removal since the notice was filed, although she does oppose remand. After carefully considering the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 26, 2023 hearing, and GRANTS the motion to remand. This Court does not have federal question subject matter jurisdiction of this action.

**BACKGROUND**

Defendant Russell A. Robinson removed this case from Alameda County Superior Court where Plaintiff Wells Fargo Bank brought the original action. (Dkt. No. 1 at 8-20.) Wells Fargo

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  owns Defendant Equaan D. Smith's mortgage and foreclosed on the property in 2019.  (Dkt. No. 1
2  at 10-11.)  During foreclosure proceedings, Ms. Smith conveyed a four percent interest in the
3  property to her attorney, Mr. Robinson.  (Dkt. No. 1 at 6, 9, 12.)

4  In 2020, Wells Fargo brought state law claims against Defendants for declaratory relief,
5  cancellation of instrument, quiet title, and slander of title.  (Dkt. No. 1 at 14-19.)  The parties
6  agreed to resolve that action, and in May 2022 a stipulated judgment was filed in the state court
7  resolving Wells Fargo's claims.  (Dkt. No. 1 at 188.)  Under the stipulation, Defendant Smith had
8  the opportunity to repurchase the foreclosed home from Wells Fargo by July 8, 2022.  (Dkt. No. 1
9  at 190.)  After Defendants were "unable to make timely payment" to Wells Fargo to repurchase
10 the property, on May 12, 2022, Wells Fargo filed an *ex parte* application to enforce the stipulation
11 in state court.  (Dkt. No. 1 at 90, 186; Dkt. No. 17.)

12 On May 17, 2023, Mr. Robinson filed a motion to set aside and vacate the judgment in the
13 state court action.  (Dkt. No. 1 at 191.)  The Alameda County Superior Court issued a tentative
14 ruling denying Mr. Robinson's *ex parte* application, and the following day Mr. Robinson removed
15 the action to this Court based on federal question jurisdiction.  (Dkt. No. 1 at 4, 219.)  Mr.
16 Robinson contends the tentative ruling presents a federal question.  (*Id.* at 2-3.)

17 Wells Fargo now moves to remand the case to state court, alleging lack of subject-matter
18 jurisdiction and untimely removal.  (Dkt. No. 17.)  Wells Fargo also argues Defendants' removal
19 is barred due to defects in the removal process and based on Defendants' alleged waiver of their
20 right to adjudicate outside of state court.  (*Id.*)  Defendants filed separate oppositions to the motion
21 to remand.  (Dkt. Nos. 23, 24.)

**LEGAL STANDARD**

23 A removing defendant bears the burden of establishing federal jurisdiction.  *Canela v.
24 Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020).  As courts of limited jurisdiction,
25 federal district courts construe the removal statute strictly and reject jurisdiction if there is any
26 doubt as to removability.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
27 //
28 //

**DISCUSSION**

**I.     Federal Jurisdiction Does Not Exist**

Wells Fargo contends remand is required because the Court lacks subject-matter jurisdiction over this action. Defendants' notice of removal invokes federal question jurisdiction. (Dkt. No. 1 at 2-3.)

District courts have original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). Wells Fargo's complaint brings only state law claims for declaratory relief, cancellation of instrument, quiet title, and slander of title. (Dkt. No. 1 at 8.) So, federal question removal jurisdiction does not exist. Defendant Robinson's argument that federal question jurisdiction exists because of "Plaintiff's federal equal protection and due process claims" (Dkt. No. 24 at 3), is perplexing as Plaintiff's complaint does not make any federal claims.

Constitutional arguments raised in Defendant Robinson's motion to vacate do not support federal question jurisdiction. "Federal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). So, Defendant Smith's contention federal question jurisdiction exists because "this case raises important issues of due process" (Dkt. No. 23 at 1), is likewise insufficient to support jurisdiction. While such arguments suggest a federal question could be raised during litigation, they do not establish the plaintiff's original causes of action arise under the Constitution. *See In re Border Infrastructure Env't Litig.*, 915 F.3d 1213, 1222 (9th Cir. 2019) ("A case does not 'aris[e] under the Constitution, laws, or treaties of the United States' just because a defendant invokes a federal defense") (citation omitted.)

Defendant Robinson also argues this case fits with the "special and small category" of claims "created by federal law" under *Grable Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). (Dkt. No. 24 at 3.) Not so. Under *Grable*, "federal jurisdiction over a

3

state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Federal jurisdiction under *Grable* exists only for a "special and small category" of cases. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("*Grable* emphasized it takes more than a federal element 'to open the 'arising under' door. This case cannot be squeezed into the slim category *Grable* exemplifies.") (internal citations omitted); *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (holding the "special and small category" applies to certain state law claims only where "federal law is 'a necessary element of the . . . claim for relief.'"). The only state law claims which have been held to fall under this category are (1) quiet-title actions from the 1900s which required "the interpretation and application of federal law," (2) a shareholder action alleging a federal act was unconstitutional, and (3) a state-quiet title action concerning compliance with federal tax law. *Id.* Defendants have failed to demonstrate the special and small category supports removal here, as there is no "dispositive and contested federal issue" at the "heart" of Wells Fargo's state-law claims. *Grable*, 545 U.S. at 319-20.

Finally, Defendant Robinson's argument that Wells Fargo waived any challenge to removal by failing to raise the defects within 30 days of receiving notice of removal is unavailing. The issue of subject matter jurisdiction can be raised and addressed at any point during litigation. 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). "The district court may remand the case *sua sponte* or on the motion of a party; the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction." *John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N. California*, 69 F. Supp. 3d 1010, 1013 (N.D. Cal. 2014) (citations omitted). So, this Court can—indeed must—address subject matter jurisdiction regardless of when Wells Fargo filed its motion to remand. In sum, as there is no federal question jurisdiction, this case must be remanded to state court.

//

//

**CONCLUSION**

For the reasons stated above, this matter is REMANDED to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: October 23, 2023

JACQUELINE SCOTT CORLEY
United States District Judge