UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br>  Plaintiff, <br><br> v. <br><br> RUSSELL A. ROBINSON, et al., <br><br>  Defendants. | Case Nos.  23-cv-3090-JSC <br>  23-cv-6135-JSC <br>  24-cv-3344-JSC <br>  24-cv-9335-JSC <br><br> **VEXATIOUS LITIGANT ORDER RE: RUSSELL ROBINSON** |

On three separate occasions Defendant Russell Robinson has improperly removed the same state court foreclosure proceeding into new actions in this Court. *See* Case No. 23-3090; Case No. 23-6135; Case No. 24-3344; Case No. 24-9335. The second time he did so in Case No. 23-6135, the Court ordered him to show cause as to why a vexatious litigant order barring him from further removals of this state court action absent prior federal court approval should not be entered against him. (Case No. 23-6135, Dkt. No. 30.[1]) In his response to the Order to Show Cause, Robinson argued he had only removed the action on one prior occasion and reiterated his argument as to why the actions were removable. (Case No. 23-6135, Dkt. No. 33.) Robinson has since removed the action a third time and his co-Defendant Equaan Smith also separately removed the action in the interim. *See* Case Nos. 24-3344, 24-9335. The Court has remanded all these actions for lack of subject matter jurisdiction. (Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30; Case No. 24-3344, Dkt. No. 20; Case No. 24-9335, Dkt. No. 10.) In accordance with its prior Order to Show Cause, the Court DECLARES Russell Robinson a vexatious litigant and ORDERS he first obtain leave of Court before again removing the underlying state court

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

action.

**BACKGROUND**

This case arises out of years of litigation following Plaintiff Wells Fargo's foreclosure of a home in which Robinson possesses an interest. Wells Fargo owns Smith's mortgage and foreclosed on the property in 2019. (Case No. 23-6135, Dkt. No. 1 ¶¶ 10, 26.) During the foreclosure proceedings, Smith conveyed a four percent interest in the property to her attorney, Robinson.[2] (Case No. 23-6135, Dkt. No. 1 at 70; Dkt. No. 20 at 3.)

In 2020, Wells Fargo brought state law claims against Defendants for declaratory relief, cancellation of instrument, quiet title, and slander of title. (Case No. 23-6135, Dkt. No. 1 at 8.) The parties agreed to resolve that action, and in May 2022, the state court entered a stipulated judgment in Wells Fargo's favor following a settlement which provided them an opportunity to purchase the subject property. (Case No. 23-6135, Dkt. No. 1. at 188.) After Defendants were unable to repurchase the property, Wells Fargo filed an ex parte application to enforce the stipulation in state court. (Case No. 23-6135, Dkt. No. 1. at 204).) On May 17, 2023, Mr. Robinson opposed that relief, moved to set aside and vacate the state court judgment, and the superior court issued a tentative ruling denying Robinson's ex parte application. (Case No. 23-6135, Dkt. No. 1 at 93.)

**1. First Improper Removal, Case No. 23-3090**

The following day, Robinson removed the action to this Court based on federal question jurisdiction. (Case No. 23-3090, Dkt. No. 1.) Robinson invoked federal question jurisdiction alleging the "State Court Judgment also would deprive Defendant of property in violation of the right to due process and equal protection of law." (Case No. 23-3090, Dkt. No. 1 at 3.) Wells Fargo moved to remand and in opposing the motion Robinson argued federal question jurisdiction existed because of "Plaintiff's federal equal protection and due process claims." (Case No. 23-3090, Dkt. No. 24 at 3.) Wells Fargo's complaint, however, pled no federal claims and only alleged causes of action for declaratory relief, cancellation of instrument, quiet title, and slander of

---

[2] Robinson was suspended from the practice of law in 2019 and disbarred in 2021. (Case. No. 24-9335, Dkt. No. 5.)

title.  *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("[i]n determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed.") (citations omitted). (Case No. 23-3090, Dkt. No. 24 at 3.)   Because there was no basis for federal subject matter jurisdiction, the Court granted Wells Fargo's motion to remand, and the case returned to state court. (Case No. 23-3090, Dkt. No. 29.)

### 2. Second Improper Removal, Case No. 23-6135

Following remand, the superior court rescheduled the hearing on Defendant's ex parte motion.[3]  On the day of the rescheduled hearing, Robinson filed a second notice of removal, again preventing the court from ruling on his motion. (Case No. 23-6135, Dkt. No. 1.)  Robinson alleged "[t]he State Court Judgment [] would deprive Defendant of property in violation of the right to due process and equal protection of law." (No. 23-6135, Dkt. No. 1 at 3.) Although she did not initially consent to removal, Smith later filed a notice of consent to removal.  (Case No. 23-6135, Dkt. No. 27.)  The Court related the action to the previously removed action.  (Case No. 23-3090, Dkt. No. 33.)  Robinson then filed a first supplemental counterclaim and an amended supplemental counterclaim, and Wells Fargo moved dismiss the counterclaims and for remand. (Case No. 23-6135, Dkt. Nos. 9, 20, 21, 22, 23, 26.)  The Court granted the motion to remand for lack of subject matter jurisdiction and issued an order to show cause (OSC) to Robinson as to why a vexatious litigant order should not be entered against him.  (Case No. 23-6135, Dkt. No. 30.)  Robinson filed a notice of appeal which was dismissed for lack of jurisdiction. (Dkt. No. 31; Dkt. No. 34.)  Robinson also responded to the OSC as to why he should not be declared a vexatious litigant reiterating the same arguments previously raised regarding removal and arguing it was only the second time he had removed the action.  (Case No. 23-6135, Dkt. Nos. 31, 34, 33.)

### 3. Third Improper Removal, Case No. 24-3344

Upon remand, the superior court set a compliance hearing date for May 21, 2024 and then

---

[3] The Court takes judicial notice of the state court docket and related filings. Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record including documents on file in federal or state courts.") (citation omitted).

3

1  a further compliance hearing for June 4, 2024. On June 4, Smith filed a motion to vacate the
2  stipulated judgment that was nearly identical to the one Robinson filed a year before and filed a
3  notice of removal. Smith invoked federal question jurisdiction alleging Wells Fargo's "unlawful
4  debt reporting and/or collection activity" violated the Federal Debt Collection Practices Act
5  (FDCPA). (Case No. 24-3344, Dkt. No. 1 at 2-4.) The Court related the newly removed action to
6  previously improperly removed actions and issued an order to show cause as to why the action
7  should not be remanded for lack of subject matter jurisdiction. (Case No. 23-3090, Dkt. No. 35;
8  Case No. 24-3344, Dkt. No. 17.) Because Smith's response to the order to show cause failed to
9  demonstrate a basis for subject matter jurisdiction the Court again remanded the action and warned
10 Smith and Robinson (who did not separately join in the removal) that they risked entry of a
11 vexatious litigant order based on their successive improper removals. (Case No. 24-3344, Dkt.
12 No. 20.)

### 4. Fourth Improper Removal, Case No. 24-9335

Following the third remand, on December 18, 2024, Wells Fargo filed a motion for possession of the property. Smith and Robinson again moved to vacate and to stay any order on the writ of possession. Robinson then filed a notice of removal once more invoking federal question jurisdiction arguing Wells Fargo sought to deprive them of property in violation of their due process and equal protection rights, and referencing the FDCPA. (Case No. 24-3995, Dkt. No. 2.) Smith did not formerly join in the removal, but she separately opposed Wells Fargo's request to relate the action to the previously improperly removed actions, as did Robinson. (No. 24-3995, Dkt. No. 6, 7, 8.) The Court granted the motion to relate and sua sponte remanded the action to the superior court for lack of subject matter jurisdiction. (Case No. 23-3090, Dkt. No. 39; Case No. 24-9335, Dkt. No. 11.)

### DISCUSSION

Federal courts have the inherent power to file "restrictive pre-filing orders" enjoining vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or papers. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. §

4

1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."). "Such pre-filing orders should rarely be filed," especially against litigants unrepresented by counsel. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). But "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal. Feb. 11, 2012) (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

In *De Long*, the Ninth Circuit articulated a four-prong framework for district courts to apply before entering vexatious litigant orders. *Id*. at 1146-49. First, the affected party must be provided with "adequate notice" and "an opportunity to oppose the entry of the order." *Id*. at 1147. Second, the district court must "create an adequate record for review" containing "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id*. Third, the court must make "substantive findings of harassment or frivolousness." *Id*. at 1148. Such findings require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Fourth, the "breadth of the order" must be "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1148. Other courts have entered vexatious litigant orders against individuals who serially remove matters from state court over which the court lacks subject matter jurisdiction. *See United States of Am. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. 2007-WFHE3 v. Orr*, No. 19-CV-00641-JCS, 2019 WL 2183369, at *3 (N.D. Cal. Feb. 7, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2180201; *NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014), *report and recommendation adopted*, 2014 WL 3867781 (Aug. 4, 2014).

**1. Notice and Opportunity to be Heard**

The first requirement for a pre-filing screening order is satisfied when the litigant is given

notice that the court is considering a pre-filing screening order and an opportunity to oppose such an order before it is issued. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014). A hearing is not required. *See Ou-Young v. Roberts*, No. 19-cv-07000-BLF, 2019 WL 6619879, at *3 (N.D. Cal. Dec. 5, 2019). Here, the Court issued an OSC as to why Robinson should not be declared a vexatious litigant following his second improper removal. (Case No. 23-6135, Dkt. No. 30.) Robinson filed a response to the OSC and the Court took no action on the OSC in part based on Robinson's representation that it was only his second removal. But, the action has now been removed two additional times, at least one of which by Robinson.[4]

### 2. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ou-Young*, 2019 WL 6619879, at *3 (quoting *De Long*, 912 F.2d at 1147); *see also Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (second *De Long* factor met where the court "compiled a list of all the actions Plaintiff filed"). The record must at least show "that the litigant's activities were numerous or abusive." *Id.*

As discussed above, the state court action has now been improperly removed four times—three of which were directed by Robinson—and each removal was on the eve of an action by the state court to enforce the *May 2022 stipulated judgment* between Wells Fargo, Robinson, and Smith. Smith and Robinson have also multiplied motion practice in this Court—opposed requests to relate these actions, filed improper counterclaims, and reiterated arguments opposing remand notwithstanding prior orders explaining the requirements for federal question jurisdiction. Robinson also filed a frivolous appeal of the Court's non-appealable second remand order. *See Wells Fargo Bank, Nat'l Ass'n v. Robinson*, No. 24-930, 2024 WL 3871621, at *1 (9th Cir. Mar. 1, 2024) ("A review of the record demonstrates that this court lacks jurisdiction over this appeal

---

[4] While Robinson did not join in the third removal, the Court notes the nearly identical arguments made in the notice of removal filed by Smith and the more recent one filed by Robinson. (*Compare* Case No. 24-3344, Dkt. No. 1 at 2-3 *with* Case No. 24-9335, Dkt. No. 2 at 3.) Further, Robinson, until his suspension and disbarment, was Smith's attorney and according to her recent filings is her "estranged husband" with whom she shares a common mailing address. (Case No. 23-3090, Dkt. No. 38 at 1-2.)

6

because the order challenged in the appeal is not reviewable.") (citing 28 U.S.C. § 1447(d); *Kunzi v. Pan Am. World Airways, Inc*., 833 F.2d 1291, 1293 (9th Cir. 1987) (order remanding a removed action to state court for lack of subject matter jurisdiction is not reviewable)).

### 3. Substantive Findings of Frivolousness

The third *De Long* factor requires that the Court "make substantive findings" that the litigant's actions have been either frivolous or harassing. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *See Ringgold-Lockhart*, 761 F.3d at 1064. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (cleaned up). The Court may alternatively make a finding that litigant has engaged in a pattern of harassment. *See id*. "Finally, courts should consider whether other, less restrictive options are adequate to protect the court and parties." *Id*.

The Ninth Circuit has articulated "a helpful framework" of five factors for evaluating the frivolous or harassing nature of a plaintiff's filings:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1062 (citation omitted).

Each of these factors support a pre-filing review order here. Robinson has a history of filing successive frivolous removals asserting federal question jurisdiction on the same grounds, despite the Court's Orders explaining removal is only appropriate based on federal question jurisdiction where the basis for jurisdiction is apparent on the face of the complaint. Given the timing of the removals on the eve of orders by the superior court, Robinson's motive appears to be

to delay the state court proceedings wherein Wells Fargo seeks to enforce a judgment Robinson and Smith agreed to *nearly three years ago*. These repeated improper removals and the frivolous appeal suggests a dilatory motive. While Robinson is proceeding pro se, he was an attorney until his disbarment in 2021, which weighs against any leniency based on his unrepresented status. In sum, Robinson has a history of abusing the Court's removal jurisdiction to vexatious and harassing ends which has needless multiplied proceedings and burdened Well Fargo, the superior court, this Court, and the Ninth Circuit. Given his flagrant disregard of the Court's Orders, no sanction other than a prefiling order is sufficient to deter his conduct and protect the courts and Plaintiff.

### 4. Narrowly Tailored Order

A "[n]arrowly tailored order[ ] [is] needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (quoting *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). Narrow tailoring is often accomplished by restricting the pre-filing restriction to certain entities or on certain facts. *See, e.g.*, *Frost v. United States*, No. 19-cv-5190-EMC, 2020 WL 1288326 (N.D. Cal. Mar. 18, 2020) (restricting pre-filing restriction to suits against "any federal entity or any current or former federal employees"). This prefiling order shall be narrowly tailored to only cover removal of the underlying superior court action by Robinson. Should Smith again remove the action, she is warned that she too may face a vexatious litigant order as well as an order that she pay Wells Fargo's fees and costs associated with removal, *see* 28 U.S.C. § 1447(c).

### CONCLUSION

For the reasons stated above, the Court declares Russell Robinson a vexatious litigant. Accordingly, before filing any further notices of removal of the state court case originally filed in Alameda County Superior Court, *Wells Fargo Bank, N.A. v. Smith*, No. RG20051563, Russell Robinson must first file a motion with the Court seeking leave to file a notice of removal. Any such motion must include: (1) a copy of the Court's prior remand orders, (2) a copy of this order, and (3) a copy of the proposed filing. The Clerk of the Court shall refuse any further notices of removal by Russell Robinson of *Wells Fargo Bank, N.A. v. Smith*, No. RG20051563, unless

1  accompanied by an order from a judge in this district granting Russell Robinson leave to file the
2  removal papers.
3  **IT IS SO ORDERED.**
4  Dated: January 10, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

9